IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CALVIN THOMAS FURLOW,** | :: | **MOTION TO VACATE** |
| Movant, | :: | **28 U.S.C. § 2255** |
| | :: | |
| v. | :: | **CRIMINAL ACTION NO.** |
| | :: | **1:08-CR-371-ODE-AJB-1** |
| **UNITED STATES OF AMERICA,** | :: | |
| Respondent. | :: | **CIVIL ACTION NO.** |
| | :: | **1:13-CV-253-ODE-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant is confined at the federal prison in Butner, North Carolina. Movant, proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 challenging his sentence imposed in this case. [Doc. 379.]¹ Respondent filed a brief opposing the motion, [Doc. 382], and Movant filed a reply, [Doc. 383]. For the reasons discussed below, the undersigned **RECOMMENDS** that the District Court **DENY** the motion and **DENY** a certificate of appealability ("COA").

**I.  Background**

In February 2010, a jury in this Court convicted Movant of conspiring to possess with intent to distribute at least five kilograms of cocaine, possessing with intent to

---

¹ Unless otherwise indicated, all citations to the record are to case number 1:08-cr-371-ODE-AJB.

AO 72A
(Rev.8/8 2)

distribute at least five kilograms of cocaine, and possession of a firearm by a convicted felon. [Docs. 128, 242.] At sentencing a few months later, the Court found the range of imprisonment under the U.S. Sentencing Guidelines (the "Guidelines") to be 188 to 235 months. [Doc. 379-1 at 7; Doc. 382 at 9-10.] The Court further found that a 240-month mandatory minimum sentence applied under 21 U.S.C. § 841(b)(1)(A) because Movant had a prior conviction for a felony drug offense. The Court sentenced Movant to a total of 240 months' imprisonment and 120 months' supervised release. [Doc. 282.] The sentence was affirmed on appeal. *United States v. Jordan*, 488 Fed. Appx. 358 (11th Cir. Aug. 21, 2012), *vacated as to co-defendant by Smarr v. United States*, No. 12-8411, 2013 WL 3155239 (U.S. June 24, 2013).[2] The U.S.

---

[2] The Supreme Court vacated the Eleventh Circuit's judgment as to co-defendant Benjamin D. Smarr and remanded Smarr's case for reconsideration in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Smarr*, 2013 WL 3155239. The jury's verdict held Smarr responsible for at least 500 grams of cocaine, but the District Court found by a preponderance of the evidence at sentencing that Smarr was responsible for at least five kilograms of cocaine, which increased Smarr's mandatory minimum sentence. *Jordan*, 488 Fed. Appx. at 365, 373. The Supreme Court held in *Alleyne* that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," overruling the contrary holding in *Harris v. United States*, 536 U.S. 545 (2002). *Alleyne*, 133 S. Ct. at 2155. The Supreme Court further noted, however, that it was not revisiting its earlier holding that the "fact of a prior conviction" may be found by the sentencing judge and need not be submitted to the jury. *Id.* at 2160 n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). The District Court increased Movant's mandatory minimum sentence dictated by the jury's verdict solely because of Movant's prior conviction, unlike in Smarr's case.

Supreme Court denied Movant's petition for a writ of certiorari. [Doc. 378.]

In April 2009, almost one year before the trial in this case, Respondent filed an information establishing Movant's prior conviction for purposes of increasing his sentence under 21 U.S.C. § 841(b)(1)(A). [Doc. 41.] Respondent filed the information pursuant to 21 U.S.C. § 851(a), which requires prosecutors to file with the court and serve on the defendant's counsel before trial "an information . . . stating in writing the previous convictions to be relied upon" for purposes of increasing punishment.

Respondent's § 851 notice identified Movant's prior conviction as follows: "The defendant was convicted in the Superior Court of Dekalb County, Georgia, on or about October 13, 1989, of possession with the intent to distribute cocaine, a felony, in violation of the Georgia Controlled Substances Act, in case number 89CR2193."[3] [Doc. 41 at 1.] Respondent attached to the information a certified copy of the following records from the DeKalb County Case: (1) the May 16, 1989 indictment charging Movant with two counts of violating Georgia's Controlled Substances Act by possessing with intent to distribute cocaine; (2) the transcript of Movant's sworn statements to the court at the October 13, 1989 hearing at which Movant pled guilty

---

[3] The undersigned refers to criminal case number 89CR2193 as the "DeKalb County Case."

to one count of the indictment; (3) the final disposition of the case entered by the court on October 13, 1989 that imposed a sentence of three years' probation under Georgia's First Offender Act; (4) the April 15, 1992 probation revocation order; and (5) the June 3, 1992 amended probation revocation order. [Doc. 41-1.] All of those documents bear the 89CR2193 case number. [*Id.*] This Court's imposition of the twenty-year mandatory minimum sentence based on the DeKalb County Case is the focus of Movant's § 2255 motion.

Movant asserts the following grounds for relief in his § 2255 motion:

1. the Court lacked jurisdiction to enhance Movant's sentence because Respondent's information regarding the DeKalb County Case did not comply with 21 U.S.C. § 851;

2. Movant's trial and appellate counsel rendered ineffective assistance by not raising the jurisdictional issue;

3. absent the § 851 enhancement, Movant's sentence is unconstitutional because the Court improperly calculated the offense level and criminal history category under the Guidelines;[4] and

4. Movant's trial and appellate counsel rendered ineffective assistance by not raising the issue that the DeKalb County Case could not be used to

---

[4] Movant contends that the criminal history category was wrong because of the inclusion of the DeKalb County case and because another state conviction likely will be invalidated in a pending state habeas case. [Doc. 379-1 at 31-36.] Movant stated that he filed the state habeas case in August 2012, but he has filed nothing indicating that the state habeas court has invalidated any prior convictions.

4

> enhance Movant's sentence because Movant was denied counsel for the probation revocation in the DeKalb County Case in 1992.

[Doc. 379 at 4-7; Doc. 379-1; Doc. 379-3.] Respondent contends that Movant procedurally defaulted ground three by not raising it on direct appeal and that all of the grounds lack merit. [Doc. 382.]

## II.   The 28 U.S.C. § 2255 Standard

To obtain relief under § 2255, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a [] § 2255 challenge" unless the movant shows "both cause for his default as well as demonstrating actual prejudice suffered

5

as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). "Actual prejudice" requires a movant to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997).

### III. Analysis

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). If the movant alleges facts that, if true, would entitle him to relief under § 2255, an evidentiary hearing should be conducted. *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002). As explained below, even assuming the truth of Movant's factual allegations, his claims fail under controlling law. Accordingly, no evidentiary hearing is warranted.

Movant contends in ground one that the Court lacked jurisdiction to enhance his

sentence based on the DeKalb County Case because Respondent incorrectly identified in its § 851 notice the date of Movant's conviction in the DeKalb County Case. Movant contends that the conviction did not occur on October 13, 1989, the date identified in the § 851 notice, because although he pled guilty and the state court entered a "final disposition" that day, the court imposed a "first offender sentence" under Georgia's First Offender Act. [*See* Doc. 41-1 at 2.] The "final disposition" stated:

> [I]t is the judgment of this Court that no judgment of guilt or sentence be imposed at this time, but that further proceedings are deferred and defendant is hereby placed on probation for the period of Three (3) years from this date provided that said defendant complies with all the following general and special conditions herein imposed by the Court as part of this sentence.

[*Id.*] Movant argues that he was not actually convicted of the drug offense to which he pled guilty in the DeKalb County Case until 1992 when the court issued the "probation revocation order" and "amended probation revocation order." [*See id.* at 5-6.] Movant contends that Respondent's reference to only the October 13, 1989 date in the § 851 notice confused him as to the conviction on which Respondent was relying for the sentence enhancement and invalidated the § 851 notice.

Under the federal statute Movant was convicted of violating, and which was

7

listed in the § 851 notice, a person convicted of possessing five kilograms or more of cocaine who has a "prior conviction for a felony drug offense" faces a mandatory minimum sentence of 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii). "[T]he meaning of the word 'conviction' in section 841 is governed by federal, rather than state law." *United States v. Acosta*, 287 F.3d 1034, 1036 (11th Cir. 2002). Thus, even if Georgia law does not consider a first offender adjudication like Movant received in 1989 to be a "conviction," the Court is "not bound by the fact that [Georgia] law does not consider a [first] offender adjudication to be a conviction." *See id.* at 1036-37 (holding that youthful offender adjudication, although not a conviction under New York law, was a conviction under § 841(b)(1) and, thus, warranted imposition of enhanced mandatory minimum sentence in federal court).

The U.S. Court of Appeals for the Eleventh Circuit has rejected the claim Movant asserts in this case. In *United States v. Tavira*, a defendant convicted in this Court of conspiring to possess with intent to distribute at least five kilograms of cocaine had pled guilty years earlier in a Georgia state court to possessing cocaine. 348 Fed. Appx. 464, 464 (11th Cir. Oct. 5, 2009). The defendant "was treated as a first offender and was sentenced to twelve months of probation in lieu of imprisonment" in the state case. *Id.* The defendant later "was discharged without court adjudication of

8

guilt and not [] considered to have a criminal conviction . . . under state law." *Id.* at 464-65 (quotation marks omitted). This Court nevertheless treated the first offender adjudication as a "prior conviction" under § 841(b)(1) and sentenced the defendant to the mandatory minimum sentence of twenty years' imprisonment. *Id.* The Eleventh Circuit upheld the sentence enhancement because the first offender adjudication was a "conviction" under § 841(b)(1) even though the "Georgia court discharged and exonerated" the defendant pursuant to Georgia's First Offender Act. *Id.* at 465. Movant's case is materially indistinguishable from *Tavira*, which dooms his claim that the Court lacked jurisdiction to enhance his sentence under § 841(b)(1) based on the first offender adjudication in 1989 in the DeKalb County Case.

The Eleventh Circuit's decisions in other, analogous circumstances further demonstrate that the Court properly considered Movant's first offender adjudication in 1989 a conviction that triggered the twenty-year mandatory minimum sentence in § 841(b)(1). As noted above, the prior conviction used to enhance the defendant's sentence in *Acosta* was a youthful offender adjudication that was not considered a conviction under state law. *Acosta*, 287 F.3d at 1036. That adjudication was properly deemed a conviction under § 841(b)(1). *Id.* at 1037. Similarly, a defendant's plea of *nolo contendere* to a felony drug offense in state court for which adjudication was

9

withheld, i.e., there was no adjudication of guilt, also was properly deemed a conviction under § 841(b)(1). *United States v. Fernandez*, 58 F.3d 593, 599-600 (11th Cir. 1995); *United States v. Mejias*, 47 F.3d 401, 403-04 (11th Cir. 1995). *Cf. United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009) (holding that sentencing court properly counted unadjudicated guilty plea under Georgia First Offender Act in calculating criminal history score under Guidelines).

Movant is correct that *Fernandez* is distinguishable because the defendant there was not later adjudicated guilty for violating his probation, as Movant was in 1992 in the DeKalb County Case. That is a distinction without a legal difference, however, because it is clear from *Fernandez*, *Acosta*, *Tavira*, and *Mejias* that the "conviction" for purposes of § 841(b)(1) occurs at the time of the initial adjudication based on the defendant's plea (of guilty or no contest). Any subsequent proceedings do not change – indeed, are not even relevant to – that conclusion. Movant's contention that he was not adjudicated guilty until the probation revocation proceedings in 1992, even if true, is simply irrelevant because none of the defendants in the cases cited above were adjudicated guilty at their initial state-court proceeding, yet the Eleventh Circuit held

10

that the initial proceeding was a "conviction" for purposes of § 841(b)(1).[5]

Movant relies on *United States v. Bowden*, No. 08-11935, 2009 WL 32755 (11th Cir. Jan. 7, 2009), to support his claim that the Court lacked jurisdiction to enhance his sentence because Respondent's § 851 notice contained the wrong conviction date. In *Bowden*, the government listed the wrong enhancement statute in its § 851 notice and "listed as Bowden's first Possession of a Controlled Substance conviction date not the actual date of conviction, but rather a date on which another adverse action was taken against Bowden in the same-numbered case." *Bowden*, 2009 WL 32755, at *1. The Eleventh Circuit held that the district court lacked jurisdiction to enhance the sentence given those errors. *Id.*

Unlike in *Bowden*, the § 851 notice in this case listed the "actual date of

---

[5] Movant's arguments are hyper-technical. He argues that the event that occurred when he pled guilty on October 13, 1989 in the DeKalb County case – whether it be called a first offender adjudication or something else – was vacated by the probation revocation in 1992 and is legally meaningless. As with his focus on isolated language in the October 13, 1989 "final disposition," Movant bases this argument on the following language in the probation revocation orders: "first offender status & sentence vacated." [Doc. 41-1 at 5-6.] Movant further argues that despite the documentation of the 1992 event in "probation revocation" orders and him still being on probation at the time those orders were entered, no revocation actually occurred. "[A]n argument that depends on calling a duck a donkey is not much of an argument." *Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) (en banc). Movant's strained interpretation of the proceedings in the DeKalb County Case and the documentation of those proceedings is unreasonable and enjoys no support in the law.

conviction" – October 13, 1989. The Eleventh Circuit's holdings and reasoning in *Tavira*, *Fernandez*, *Acosta*, and *Mejias* make clear that the October 13, 1989 proceeding was the actual "conviction" for purposes of enhancing Movant's sentence under § 841(b)(1). There is no indication that *Bowden* involved a first offender adjudication in state court, like *Tavira* and this case, or an adjudication under some other type of state deferral statute, like in the other cases. *Tavira* and the other cases are on point and control this case.[6] Respondent's § 851 notice complied with the law, and the Court thus had jurisdiction to enhance Movant's sentence under § 841(b)(1).

Because Movant's claim in ground one of his motion – that the Court lacked

---

[6] There are other reasons *Bowden* does not help Movant. *Bowden* is an unpublished decision. *Bowden*, 2009 WL 32755, at *1. Respondent correctly notes that unpublished decisions are not binding precedent. *See* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). The Eleventh Circuit itself has noted that "*Bowden* is not binding precedent . . . and other panels of this Court have declined to follow its reasoning." *United States v. Jones*, 491 Fed. Appx. 160, 162 n.1 (11th Cir. Oct. 4, 2012). The Eleventh Circuit also has distinguished *Bowden* in cases where "the government listed the case number of the prior conviction, indicating . . . precisely which conviction on which the government relied" in its § 851 notice. *United States v. Anthony*, 345 Fed. Appx. 459, 466 n.4 (11th Cir. Sept. 10, 2009); *see also Williams v. United States*, 383 Fed. Appx. 927, 929 n.2 (11th Cir. June 21, 2010) ("[B]ecause the government's information gave the correct case number for the state conviction, Williams did not lack actual notice as to which prior conviction the government intended to use."). In this case, not only did Respondent list in its § 851 notice the case number of the DeKalb County Case, every one of the documents from that case that were attached to the § 851 notice bears that number. [Docs. 41, 41-1.]

12

jurisdiction to enhance his sentence – fails under the controlling law, his claim in ground two – that his trial and appellate counsel were ineffective for not raising the jurisdictional claim – also fails. *See Strickland v. Washington*, 466 U.S. 668, 688-92 (1984) (holding that to establish ineffective assistance of counsel, a movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards and that the deficient performance prejudiced the movant); *Chandler v. United States*, 218 F.3d 1305, 1314-15 (11th Cir. 2000) (en banc) (counsel's performance not deficient unless movant shows that no objectively competent lawyer would have failed to raise the issue). "[C]ounsel is not ineffective for failing to raise claims reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quotation marks omitted).

The failure of ground one also dooms grounds three and four. Because the Court had jurisdiction to apply the sentence enhancement and sentenced Movant to the mandatory minimum 20-year sentence, any misapplication of the Guidelines, as alleged in ground three, is irrelevant. The Court was required by statute to sentence Movant to at least twenty years' imprisonment, regardless of the Guidelines range or how it

was calculated, and the Court sentenced Movant to twenty years.[7]  *See United States v. Howard*, 307 Fed. Appx. 309, 313 (11th Cir. Jan. 9, 2009) (holding that because the "statutory mandatory minimum sentence . . . exceeded the guidelines range with or without the reduction [in the range] . . . any error in the [Guidelines] calculations was harmless").

In ground four, Movant contends that his counsel should have argued that the Court improperly enhanced his sentence based on the DeKalb County Case because while he had counsel at the October 13, 1989 proceeding where he pled guilty, he did not have counsel for the probation revocation in 1992. *See Custis v. United States*, 511 U.S. 485, 487 (1994) (holding that a prior conviction used for sentence enhancement purposes may not be collaterally attacked in the federal case absent a showing that the prior conviction was obtained in violation of the right to counsel). That claim fails because, as explained above, the "conviction" for purposes of

---

[7]  Ground three also is procedurally barred because Movant did not raise on direct appeal the Court's alleged errors in calculating the Guidelines range. *See Black*, 373 F.3d at 1142.  Movant argues that ground three is not barred because, liberally construed, the claim is "that his sentence is unconstitutional because it is based on several misapplications of the sentencing guidelines" and "a constitutional challenge to his sentence . . . is cognizable." [Doc. 383 at 24.] The claim is cognizable. It is cognizable on direct appeal and must be raised at that stage rather than for the first time in a § 2255 motion.

14

§ 841(b)(1) occurred at the October 13, 1989 proceeding in the DeKalb County Case. Thus, the October 13, 1989 proceeding is the one at which Movant must have been afforded counsel in order for the conviction to be used to enhance his sentence in this case. Movant admits that he was afforded counsel at that proceeding, and the state-court records confirm that fact. [Doc. 41-1.] Movant is not entitled to relief on ground four.

**IV.   Certificate of Appealability ("COA")**

A § 2255 movant may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v . McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and

15

AO 72A
(Rev.8/8
2)

quotation marks omitted).

A COA is not warranted in this case. The resolution of the grounds for relief in Movant's § 2255 motion is not reasonably debatable given the controlling case law. Movant has not made a substantial showing of the denial of a constitutional right.

## V.     Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence, [Doc. 379], be **DENIED**, a certificate of appealability be **DENIED**, and civil action number 1:13-cv-253-ODE-AJB be **DISMISSED**. The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED**, this 26th day of July, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)