FILED IN CHAMBERS
U.S.D.C. - Atlanta

SEP 30 2013

James N. Hatten, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CALVIN THOMAS FURLOW, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:08-CR-371-ODE-AJB-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-253-ODE-AJB |

## ORDER

Movant, pro se, seeks to vacate his sentence under 28 U.S.C. § 2255. (Doc. 379.) Magistrate Judge Baverman issued a Report and Recommendation ("R&R") that recommends denying the § 2255 motion and denying a certificate of appealability. (Doc. 386.) Movant filed objections to the R&R. (Doc. 392.)

A district judge must conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). This review takes different forms, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

AO 72A
(Rev.8/82)

Movant contends in his § 2255 motion that the Court erred in sentencing him to a statutory minimum of twenty years' imprisonment based on a prior felony drug conviction. Movant contends that Respondent incorrectly identified the date of the prior conviction in its information filed pursuant to 21 U.S.C. § 851.

The conviction at issue was rendered in case number 89CR2193 in the Superior Court of DeKalb County, Georgia. (Doc. 41-1.) On October 13, 1989, Movant pled guilty in the DeKalb case to possessing cocaine with intent to distribute it and was placed on probation for three years under Georgia's First Offender Act. (*Id.*) Movant contends that the actual conviction did not occur until three years later when his first-offender status was revoked. Judge Baverman found, pursuant to Eleventh Circuit authority in similar cases, that for purposes of Movant's federal sentence enhancement under 21 U.S.C. § 841(b)(1)(A)(viii) the state conviction occurred when Movant pled guilty on October 13, 1989. Judge Baverman found *United States v. Tavira*, 348 F. App'x 464 (11th Cir. 2009) to be a materially indistinguishable case that controls Movant's case.

Judge Baverman noted that "Movant's arguments are hyper-technical." (Doc. 386 at 11.) That is an understatement. Like his other filings, Movant's objections to

2

the R&R are based on hyper-technical arguments, rhetoric, hyperbole, and a desperate attempt to distinguish controlling Eleventh Circuit law.[1]

The Court agrees with the R&R's finding that *Tavira* is on point. Like Movant, the federal defendant in *Tavira* was convicted in this Court of cocaine offenses and sentenced to the statutory minimum sentence of twenty years' imprisonment based on a prior felony drug conviction in a Georgia state court. *Tavira*, 348 F. App'x at 464-65. This Court and the Eleventh Circuit held that the state conviction occurred when the defendant pled guilty in state court even though he was, at that time, sentenced to probation under Georgia's first offender statute and was not considered to have a criminal conviction under Georgia law. *Id.*

While Movant argues that he was not convicted in his state case until the revocation proceedings in 1992, three years after he pled guilty, nothing in *Tavira*

---

[1] Many of Movant's complaints in his objections are not relevant to the adjudication of his claims. For example, Movant objects to the R&R's "non-chronological" description of the factual background and Judge Baverman's decision to first discuss the "heart of the matter" on page three of the sixteen-page R&R rather than on pages one or two. (Doc. 392 at 3.) Movant also criticizes the R&R's failure to quote "the full text of both 21 U.S.C. § 841(b)(1) and 851(a) statutes" as a "factual omission," (*id.* at 4), although most of the text of those statutes is not relevant to the resolution of Movant's claims. The undersigned has reviewed, as Judge Baverman undoubtedly did, the entire text of those statutes and finds it unnecessary to quote it all here. Movant's incessant hyperbole on immaterial issues clouds the real issue in this case.

3

indicates that the "conviction" for purposes of 21 U.S.C. § 841(b)(1)(A)(viii) does not occur at the time of the first-offender adjudication if there are further proceedings in the state case. Moreover, Movant's continued reliance on Georgia law, e.g., to show that the adjudication at the guilty-plea proceeding in October 1989 was vacated in 1992, provides no support because federal law governs the issue of when Movant's state conviction occurred for purposes of enhancing his federal sentence under § 841(b)(1)(A)(viii). *See id.* at 465; *United States v. Acosta*, 287 F.3d 1034, 1036 (11th Cir. 2002).

The R&R also is correct that Movant's reliance on the unpublished decision in *United States v. Bowden* provides no support for his claim that his state conviction did not occur until 1992. No. 08-11935, 2009 WL 32755 (11th Cir. Jan. 7, 2009). The defendant's sentence in *Bowden* was enhanced based on prior felony drug convictions. *Id.* at *1. The Eleventh Circuit found the enhancement was erroneous for two reasons. *Id.* First, the government's information filed pursuant to § 851 cited the wrong enhancement statute (a problem not present in Movant's case). *Id.* Second, "the government failed to clearly indicate 'the previous convictions to be relied upon' when it listed as Bowden's first Possession of a Controlled Substance conviction date not the actual date of conviction, but rather a date on which another adverse action

4

was taken against Bowden in the same-numbered case." *Id.* The unpublished decision contains no other details or discussion of the erroneous date of conviction in the § 851 notice. *Id.* at *1-2. Thus, Movant's reliance on *Bowden* is limited to the single sentence quoted above, which he contends makes *Bowden* "on point and . . . persuasive authority which should control this case." (Doc. 392 at 18.)

As noted in the R&R, *Bowden* is not binding precedent and has been distinguished in cases, like Movant's, where the government's § 851 notice accurately identified the case number of the prior conviction upon which the sentence enhancement was sought. (Doc. 386 at 12 n.6.) Even if *Bowden* were a binding precedent, i.e., a published decision, it refutes Movant's claim as explained below.

The single sentence in *Bowden* regarding the incorrect date of the prior conviction in the § 851 notice simply states that the notice listed "not the actual date of conviction, but rather a date on which another adverse action was taken . . . in the . . . case." *Bowden*, 2009 WL 32755, at *1. The defendant's appellate brief in *Bowden* provides the details regarding the prior conviction that are not in the Eleventh Circuit's opinion. Brief of Appellant, *United States v. Bowden*, No. 08-11935 (11th Cir. June 27, 2008). The government's § 851 notice in *Bowden* stated that the defendant was convicted in a Florida state court of a felony drug offense "on

5

January 21, 2003." *Id.* at 5. In reality, (1) the defendant pled no contest to the state charges on October 2, 2001 and was placed on community control on that date; and (2) the state court revoked the community control and sentenced the defendant to prison on January 21, 2003. *Id.* at 6, 17. The defendant argued to the Eleventh Circuit that the conviction in the state case "occurred on October 2, 2001," the date on which he pled no contest, and not the later date when his community control was revoked. *Id.* at 17. The Eleventh Circuit agreed with the defendant and found that the § 851 notice incorrectly listed the later date – January 21, 2003 – as the date of conviction because that date was merely "a date on which another adverse action was taken . . . in the . . . case." *Bowden*, 2009 WL 32755, at *1.

*Bowden* is thus consistent with the holding in *Tavira* that the date on which a defendant pleads guilty or no contest to a state drug felony is the date on which he is convicted in the state case for purposes of § 841(b)(1)(A)(viii). And like *Tavira*, the key facts in *Bowden* are indistinguishable from the key facts in Movant's case.

Like the defendant in *Bowden*, Movant's plea in the state case was entered a few years before his probation was revoked in that case. The later date "on which another adverse action was taken against [Movant] in the [state] case" was not the date of the conviction for purposes of enhancing Movant's federal sentence. *See Bowden*, 2009

6

WL 32755, at *1. Movant's first-offender status was revoked and he was sentenced to prison at the later state-court proceeding, just like Bowden's community control was revoked and a prison sentence imposed at the later proceeding in his state case. The Eleventh Circuit found in *Bowden* that the initial proceeding in state court, at which the plea was entered, was the date of conviction and was the date that should have been listed in the § 851 notice. *Id.* Respondent's § 851 notice in this case listed the date of the initial proceeding in Movant's state case at which the plea was entered – October 13, 1989. (Doc. 41.) Because the law, including *Bowden* and *Tavira*, is clear that October 13, 1989 was the date of Movant's "conviction" in the state case for purposes of § 841(b)(1)(A)(viii), Movant's § 2255 claims fail.

After a careful, de novo review, the Court finds that Movant is not entitled to relief under § 2255. The Court **OVERRULES** Movant's objections [392] and **ADOPTS** the R&R [386] as the opinion of the Court. Movant's § 2255 motion [379] and a certificate of appealability are **DENIED**. Civil action number 1:13-CV-253-ODE-AJB is **DISMISSED**.

**SO ORDERED** this 30 day of September, 2013.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE